UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GREGORY MILLER,                                              Civil Action No.

                              Plaintiff,

  -against-                                                                    **COMPLAINT**

THE AUGUST AICHHORN CENTER
FOR ADOLESCENT RESIDENTIAL CARE, INC.,
THE AUGUST AICHHORN CENTER,
BARBARA HAMILTON, individually, and
TONYA BROWN, individually

                                                                 Plaintiff Demands a Trial
                                                                 By Jury

                              Defendants.
------------------------------------------------------------------------X

Plaintiff, GREGORY MILLER, (hereinafter referred to as "Plaintiff" or "MILLER"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint in this action against Defendant THE AUGUST AICHHORN CENTER FOR ADOLESCENT RESIDENTIAL CARE, INC., THE AUGUST AICHHORN CENTER (hereinafter collectively referred to as "AAC"), BARBARA HAMILTON, individually (hereinafter referred to as "HAMILTON"), and TONYA BROWN, individually (hereinafter referred to as "BROWN"), (hereinafter collectively referred to as Defendants), respectfully alleges as follows upon information and belief:

## NATURE OF CASE

1. This action arises out of the unlawful discrimination, failure to accommodate, hostile work environment, and retaliation of Defendants against Plaintiff MILLER.

2. Plaintiff MILLER complains pursuant to the Family and Medical Leave Act of 1993

1

("FMLA") as amended, the Americans with Disabilities Act of 1990 ("ADA") as amended, the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, disability and/or perceived disability discrimination, Defendants' failure to accommodate Plaintiff's disability, FMLA interference, hostile work environment and retaliation by Defendants.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FMLA and the ADA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on April 3, 2020.

7. Plaintiff received a Notice of Right to Sue letter on September 8, 2020.

8. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

9. Venue is proper in that the events arose in New York County within the Southern District of New York.

## PARTIES

10. Plaintiff MILLER is an individual man who is a resident of the State of New York, County of New York.

11. At all times material, the AAC Defendants were and are a domestic not-for-profit corporation existing by the virtue and laws of the State of New York that does business in the State of New York. According to its website, AAC "was organized as a not-for-profit corporate . . . to study and to teach about the special problems of providing long-term care and treatment to teenagers who were 'unplaceable' in any existing facilities except State hospitals or correctional institutions."

12. At all times material, Defendant BROWN was and is Program Director for Defendant AAC.

13. At all times material, Defendant BROWN held a supervisory position at Defendant AAC and supervisor authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

14. At all times material, Defendant HAMILTON was and is a Supervisor and also the Assistant to the Program Director for Defendant AAC.

15. At all times material, Defendant HAMILTON held a supervisory position at Defendant AAC and supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

16. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## MATERIAL FACTS

17. Plaintiff is seeking damages to redress the injuries that Plaintiff has suffered as a result of being discriminated against by Plaintiff's employer on the basis of Plaintiff's disability, together with FMLA interference, hostile work environment and retaliation.

18. At all times material, Plaintiff suffered from and continues to suffer from degenerative disc disease that impacts his mobility.

19. In or around February of 2017, Defendant AAC hired Plaintiff as a child care worker.

20. Plaintiff's primary job duties consisted of monitoring adolescent children.

21. On or about December 4, 2019, Plaintiff contacted Defendant AAC's Administrative Director/Human Resources Director, CARMEN TORRES (hereinafter referred to as "TORRES") to request leave under the Family Medical Leave Act ("FMLA") related to his degenerative disc disease.

22. On or about December 5, 2019 TORRES provided Plaintiff with the FMLA documentation and asked what they were for. Plaintiff informed TORRES that he needed to bring these papers to his doctor, as he was having severe lower back pain due to his degenerative disc disease that impeded his walking ability. During this conversation, Plaintiff informed TORRES that he had a very important doctor's appointment related to his back disability for the afternoon of December 6, 2019.

23. Plaintiff's regular shift was overnight so Plaintiff specifically scheduled his doctor's appointment in the afternoon after his shift was over, which TORRES approved of.

24. On or about December 6, 2019, Plaintiff completed his overnight shift and the employee who was supposed to start the following shift had not shown up at the start time of that shift.

25. At the end of Plaintiff's shift, Defendant HAMILTON, the supervisor on that shift, told Plaintiff that he needed to work overtime into the next shift until the employee who was scheduled for that shift arrived.

26. Plaintiff was not expected to work a double shift as he was only on the calendar for the shift he just completed. Thus, he told Defendant HAMILTON that he could not cover for the employee who had not shown up for the morning/afternoon shift because he had a very important doctor's appointment to go to for his back disability. Plaintiff also informed Defendant HAMILTON that TORRES was aware of this appointment and approved it.

27. Nonetheless, Defendant HAMILTON told Plaintiff that he could not leave without speaking to Defendant BROWN. Therefore, Plaintiff called Defendant BROWN and left her a voicemail as BROWN did not answer. Plaintiff then responsibly emailed Defendant BROWN stating "I was told by Barbara [(HAMILTON)] to call you. I tried reaching you by phone. Today I have a very important Doctor's appointment, [w]hich Carmen Torres was notified about a day ago. I worked [the] overnight shift, which is my shift to work. I was not notified before my shift that I had to work [the following shift or] I could have at least made arrangements. I really [can't] miss my doctor['s] appointment."

28. Defendant HAMILTON threatened Plaintiff to **reconsider what's important**.

29. On or about December 6 2019, Plaintiff attended his doctor's appointment and Plaintiff's doctor began processing FMLA paper for Plaintiff's disability.

30. On or about December 11, 2019, Plaintiff was experiencing severe pain due to his degenerative disc disease/back disability. Plaintiff was scheduled to work the overnight shift that evening into December 12th.

31. On or about December 11, 2019 around 1:00pm, Plaintiff left a voice mail for Defendant HAMILTON to inform her that he could not come into work due to his degenerative disc disease/back disability. Plaintiff waited around thirty (30) minutes for Defendant HAMILTON to return his call. When Defendant HAMILTON did not return Plaintiff's call, Plaintiff emailed Defendant HAMILTON stating he needed to take off a few days to address his medical issue and asked to submit his doctor's note.

32. HAMILTON did not respond to Plaintiff.

33. The following day, on or about December 12, 2019, Defendant AAC wrongfully terminated Plaintiff on the basis of his disability. Notably, Defendant AAC terminated Plaintiff for attending his December 6, 2019 doctor's appointment and for calling out to address his back disability.

34. Defendant AAC discriminated against Plaintiff on the basis of his disability.

35. Defendant AAC retaliated against Plaintiff for engaging in a protected activity.

36. Defendant AAC failed to accommodate Plaintiff's disability.

37. Defendants discriminated against Plaintiff on the basis of Plaintiff's disability. Defendants retaliated against Plaintiff for Plaintiff's complaints of discrimination. Further, Defendants interfered with and retaliated against Plaintiff for attempting to exercise Plaintiff's protected right under the ADA and to FMLA leave.

38. Defendants retaliated against Plaintiff for engaging in protected activity.

39. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

40. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

42. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

44. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

45. Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement.

46. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

47. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER
<u>THE AMERICANS WITH DISABILITIES ACT</u>
(<u>As against the AAC Defendants and Not Against Individual Defendants</u>)**

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. Plaintiff claims Defendant AAC violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

50. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

51. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

52. The AAC Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's disability.

53. The AAC violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER
<u>THE AMERICANS WITH DISABILITIES ACT</u>
(<u>As against the AAC Defendants and Not Against Individual Defendants</u>)**

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint.

55. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

56. The AAC Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATIONS OF THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
## (As against the AAC Defendants and Not Against Individual Defendants)

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. Section 2612 of the Family Medical Leave Act (FMLA) states in pertinent part:

(a) In general

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

59. The AAC Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION AND INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
## (As against the Defendant AAC and Not Against Individual Defendants)

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if the same were set forth herein fully at length.

61. Section 2615 of the FMLA states as follows:

    Prohibited acts

    (a) Interference with rights

       (1) Exercise of rights

       It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

       (2) Discrimination

       It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

62. The AAC Defendants unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise Plaintiff's rights under the above section and discriminated and retaliated against Plaintiff for opposing Defendant's unlawful employment practice and attempting to exercise Plaintiff's rights.

63. The AAC Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (Against All Defendants)

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

10

65. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

66. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's disability, harassing Plaintiff, and causing a hostile work environment.

67. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

68. Defendants violated the above and Plaintiffs suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION
FOR RETALIATION UNDER
<u>NEW YORK STATE LAW</u>
(Against All Defendants)**

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

71. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

72. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## <u>NEW YORK STATE LAW</u>
### (Against All Defendants)

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

74. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

76. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### (Against All Defendants)

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

79. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions

and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's associated disability.

80. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION
FOR RETALIATION UNDER
<u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
(Against All Defendants)**

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

85. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER
### <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### (Against All Defendants)

86. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

87. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

88. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

89. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER
### <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### (Against All Defendants)

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. Section 8-107(19), entitled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

92. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TWELFTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER
## <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### (Against All Defendants)

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

94. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay,

attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Date: December 7, 2020

    New York, New York

        Respectfully Submitted,

        **DEREK SMITH LAW GROUP, PLLC.**

        Attorneys for Plaintiff

BY: /s/Johnmack Cohen
     Johnmack Cohen, Esq.
     1 Pennsylvania Plaza, 49th Floor
     New York, New York 10119
     (212) 587-0760